Nash, O. J.
 

 The defendant married Rachel, the daughter of "Winfield Morgan, and upon the marriage, the father put into the possession of his son-in-law, a negro woman named Eetsy, and her two children. Eetsy had another child. She is dead; and the action is brought to recover the three ehil
 
 *193
 
 dren. The gift is void, as there is bnt a partial intestacy, and we presume it is now too late to enquire into the soundness of the rule adopted by our Courts: that to make parol gifts by a parent to a child, an advancement, there must be a total intestacy. We do not intend to disturb the cases in which the principle is decided. Winfield Morgan made a last will; and it is our duty to examine it, and see whether it does not confirm the imperfect gift previously 'made. If from the will itself, it sufficiently appears that such was his intention, it is incumbent on us to give efficacy to such intention. In ascertaining this intention, we are at liberty to look into the condition of the family and estate of the testator, at the time the will was made, so far as to enable the Court to place itself in the situation of the testator at the time of making his will.
 
 Bivens
 
 v. Phifer, 2 Jones’ Rep. 436;
 
 Martin
 
 v.
 
 Drinkwa
 
 ter, 2 Beavan 215. At the time the will of Winfield Morgan was written, he had seven children, and to one of them, Rachel, the wife of the defendant, he had given three negroes— two of them mere infants—and made advancements to- all the rest. In the first clause of the will, he gives the land on which he lived, to his wife during her life or widowhood, and at her death or marriage, directs it to be divided among six of his children, naming them, including therein, Rachel, the wife of the defendant.. It is very clear from a consideration of the whole will, that it was the intention of the testator to make an equal division of his property among his children. In the 6th item, he directs that his daughter Rebecca Jackson shall receive four hundred dollars, to make her share equal to the
 
 advancements
 
 made to Penelope Hester. In the 7 th item lie directs that the advancements heretofore made to Hardy Morgan, shall be made up to six hundred dollars, he having received four hundred -dollars; and the advancements made to Irvin Morgan be made up to $600, he having received $580. He then states that Amina Allen and Julia Allen, have each received in advancements, six hundred dollars. Having by these clauses made four of his children equal, he proceeds, in the seventh and eighth clauses, to direct how the
 
 *194
 
 property, not heretofore given away, shall be divided, and the same principle of equality is followed. In the residuary clause, he directs his executor, on his death, to sell all the property “ not heretofore disposed of, and to divide the proceeds in the following manner: Hardy Morgan, Irvin Morgan, Amina Allen, and Julia Allen, each to receive one-fifth; and the remaining fifth to be equally divided between Rebecca Jackson and Penelope Hester.” In this clause neither Mrs. Hockeday nor Mrs. Mitchell are mentioned; and Penelope Hester is no where else mentioned, except in the 6th clause, where she is referred to as having received advancements, by which the legacies to the other four children mentioned, were to be governed.
 

 The plaintiff contends that the negroes in controversy, not being conveyed by a valid gift, were, at the death of the testator, a part of his estate not disposed of by the will, and therefore sank into the residuum, to be divided as the will directs. We do not concur in this view. We cannot believe it was the intention of the testator to cut off his daughter Rachel from her proper share of his slaves, by the legacy of John to her. The will itself puts beyond question, that all the children, including Mrs. Mitchell, had received advancements in the testator’s life-time. We are confirmed in our opinion, by the word “ heretofore” used by the testator in the 8th clause of his will. It is as follows: “ My will is, that at my decease, all my negroes not heretofore disposed of, be divided into five lots, to be made equal by valuation, and that Hardy Morgan, Irvin Morgan, Amina Allen and Julia Allen, each receive one-fifth part, and the remaining fifth be again equally divided, by valuation, between Rebecca Jackson and Penelope Hester.” It is insisted that the word “heretofore” is to be confined to the dispositions made in the previous clauses of the will. Supposing that to be so, yet, if the intention of the testator appear to refer to dispositions which he had previously made in his life-time, there is no rule of law which prevents us from understanding it in that sense, and we think it was the obvious intent of the testator to do equal justice to
 
 *195
 
 all his children. The will then, upon its face, satisfies us that Mrs. Mitchell and all the children had received in the testator’s life-time, gifts, or what he intended to be gifts. Receive the word
 
 “
 
 heretofore” as restricted by the plaintiff, and what becomes of Mrs. Ilockeday ? Is she to have no more of her father’s property than the negro girl Erance ? And is Mrs. Hester to have no more than one-half of the one-fifth of the sales mentioned in the 8th clause, and the same proportion of the residuary clause ? The case of
 
 Simpson
 
 v. Boswell, 5 Ire. 49, is a strong authority in favor of the construction we have placed|0n this will.
 

 "We are of opinion that the previous imperfect gifts of the negroes in question, were confirmed by the will of the testator, and thereby made perfect; and of course do not sink into the residuum.
 

 Per Curiam.
 

 ■ Judgment is reversed, and a
 
 venire de novo
 
 awarded.